UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRAVIS SINGLETON,  
    Plaintiff,

vs.

WARREN CORRECTIONAL
INSTITUTION,  
    Defendant.

Case No. 1:23-cv-550  
Barrett, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution, filed an application on September 1, 2023 to proceed *in forma pauperis*. (Doc. 1). On September 6, 2023, the Court issued a Deficiency Order requiring plaintiff to either pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court a Second Application to proceed *in forma pauperis* that includes a certified copy of plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint. (Doc. 2). The Court ordered plaintiff to submit the Second Application "**within thirty days**" of the date of its Order. (*Id*. at PAGEID 35) (emphasis in original). The Deficiency Order notified plaintiff that failure to comply shall result in the Court dismissing the case for want of prosecution. (*Id*., citing *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)). To date, more than 30 days later, plaintiff has not filed a response to, or taken any action in accordance with, the Court's September 6, 2023 Deficiency Order.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Court's September 6, 2023 Deficiency Order (Doc. 2) warrants exercise of the Court's inherent power and dismissal of this case

pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). *See also In re Prison Litigation Reform Act*, 105 F.3d 1131.

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). If plaintiff's case is dismissed, it will not be reinstated to the Court's active docket despite payment of the filing fee. *In re Prison Litigation Reform Act*, 105 F.3d 1131.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/16/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRAVIS SINGLETON,<br>    Plaintiff, | Case No. 1:23-cv-550<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| WARREN CORRECTIONAL<br>INSTITUTION,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).